[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-15568
Non-Argument Calendar
_____

D.C. Docket No. 6:15-cv-01588-PGB-GJK

RENEE BELL,

Plaintiff-Appellant,

versus

LISA SYKES,
Representative U.S. Bank,
DOUGLAS C. ZAHM,
DIANNE GRANT,
JANET THORPE,
U.S. BANK NATIONAL/LEADER MORTGAGE,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(March 13, 2017)

Before HULL, JULIE CARNES and JILL PRYOR, Circuit Judges.

PER CURIAM:

Renee Bell, proceeding *pro se* and *in forma pauperis*, appeals the district court's *sua sponte* dismissal under the *Rooker-Feldman*[1] doctrine of her 42 U.S.C. § 1983 civil rights complaint.

We review "dismissals for lack of subject matter jurisdiction *de novo*." *Nicholson v. Shafe*, 558 F.3d 1266, 1270 (11th Cir. 2009). A court must dismiss an action if it "determines at any time that it lacks subject-matter jurisdiction." Fed.R.Civ.P. 12(h)(3). We also review *de novo* the district court's application of the *Rooker-Feldman* doctrine. *Lozman v. City of Riviera Beach*, *Fla.*, 713 F.3d 1066, 1069-70 (11th Cir. 2013). "*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Although we show leniency to *pro se* litigants, we will not rewrite a deficient pleading in order to sustain an action. *Campbell v. Air Jamaica Ltd.,* 760 F.3d 1165, 1168-69 (11th Cir. 2014).

The *Rooker-Feldman* doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Nicholson*, 558 F.3d at 1273 (quotation omitted);

---

[1] *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 476-82 (1983).

2

*see Exxon Mobil Co. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).  It applies when issues presented to the district court are "inextricably intertwined with the state court judgment."  *Alvarez v. Att'y Gen.*, 679 F.3d 1257, 1262 (11th Cir. 2012).  An issue is "inextricably intertwined" with the state court judgment when "(1) the success of the federal claim would effectively nullify the state court judgment" or "(2) the federal claim would succeed only to the extent that the state court wrongly decided the issues."  *Id*. at 1262-63 (quotations omitted).  The *Rooker-Feldman* doctrine only precludes federal court review of federal claims that the plaintiff had a reasonable opportunity to raise in an earlier state proceeding.  *See Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009).

Bell filed a complaint essentially seeking appellate review of a state foreclosure judgment that went against her.  Bell is the type of state-court losing party that the *Rooker-Feldman* doctrine covers.  *See Nicholson*, 558 F.3d at 1273.  Bell's complaint is not a distinct federal action and she makes no argument indicating that she did not have a reasonable opportunity to raise her constitutional claims at an earlier state proceeding.  Her complaint is an attempt to gain appellate review from the federal district court of a final state judgment.  *See Nicholson*, 558 F.3d at 1270.  Any success by Bell would require a holding that the state court was wrong and would nullify the state judgment.  *See Alvarez*, 679 F.3d at 1262.  Therefore, the federal district court had no jurisdiction under the *Rooker-Feldman*

3

doctrine.  Accordingly, we affirm the district court's dismissal for lack of subject-matter jurisdiction.

    **AFFIRMED.**